UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FREIBER FEDERICK,

                Plaintiff,

-against-

JOHNY ARAYA MONGE, et al.,

                Defendants.

1:20-CV-2347 (CM)

ORDER DIRECTING PAYMENT OF FEES
OR AMENDED IFP APPLICATION

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff brings this action *pro se*, seeking to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons discussed below, within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees that are required to file a civil action in this Court or submit an amended IFP application.

    To proceed with a civil action in this Court, a plaintiff must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit an IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    Plaintiff has filed an IFP application, but he has not fully completed it, and the information that he has provided in it is not clear. Plaintiff checks the boxes in his IFP application to indicate that he is incarcerated and that he does not receive payments from the institution in which he is incarcerated. (ECF 1, at 1.) But it does not appear that he is incarcerated because the mailing address he has provided is not that of a jail, prison, or other facility, and there is no indication that he mailed his complaint and IFP application to the Court from such a facility. Moreover, the address he provides is not recognizable as a mailing

address.[1] As for the IFP application, Plaintiff fails to answer the application's questions about whether he is employed, his sources of income, how much money he has in a bank account, the worth of any property or other assets he owns, his monthly expenses, any individuals he supports financially, or any other of his financial obligations.

Because of Plaintiff's failure to fully answer his IFP application's questions about his financial status, the Court cannot grant Plaintiff IFP status at this time. Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees to commence this action or complete the attached amended IFP application in which he fully discloses his financial status by answering all of the questions. He must also provide a recognizable mailing address.[2] If Plaintiff submits the amended IFP application, it should be labeled with docket number 1:20-CV-2347 (CM). If the Court finds that Plaintiff now possesses the funds to pay the relevant fees, he may be required to pay them.

The Court directs the Clerk of Court to send a copy of this order to Plaintiff at his email address and note service on the docket. No summons shall issue at this time. If Plaintiff complies

---

[1] Plaintiff lists his mailing address as "904 Cated Avenue, U.S.A., N.Y. 1123." (ECF 2, at 3.). He has also provided his email address in his complaint and in his IFP application. And he has filed a Consent to Electronic Service of Court Documents. (ECF 3.) But he does not provide his email address in that consent form. (*Id.*)

[2] If Plaintiff is incarcerated, he must provide his identification number. And if he files an amended IFP application while incarcerated, he must also complete, sign, and submit the attached prisoner authorization form. When a prisoner is granted IFP status, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's prison trust fund account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court IFP must therefore authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee from the prisoner's prison trust fund account in installments and to send to this Court certified copies of the prisoner's prison trust account statements for the past six months. *See* § 1915(a)(2), (b). The $50.00 administrative fee for filing a federal civil action does not apply to persons granted IFP status.

with this order, this action shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the Court will dismiss this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: March 18, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge